**Rick Klingbeil, OSB No. 933326**
**Rick Klingbeil, P.C.**
1826 NE Broadway, 3rd Floor
Portland, Oregon 97232
Phone: 503-473-8565
Email: rick@klingbeil-law.com
    Of Attorneys for Elizabeth Ofuasia

**Efrem B. Lawrence, OSB No. 160471**
**Efrem Lawrence Law Firm**
1000 SW Broadway Ste. 2400
Portland, Oregon 97205
Email: efrem@lawrencelegalfirm.com
    Of Attorneys for Elizabeth Ofuasia

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **ELIZABETH OFUASIA**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**SPIRIT HALLOWEEN SUPERSTORES, LLC,** a foreign business corporation; **SPENCER SPIRIT HOLDINGS, INC.,** a foreign business corporation; **JANE DOE**, an individual; **JOHN DOE**, an individual,<br><br>　　　　Defendants. | Civil No.<br><br>**COMPLAINT – RACIAL DISCRIMINATION IN PUBLIC ACCOMMODATION**<br><br>(42 USC §1981; 42 USC §1982; 42 USC § 2000a; 42 USC § 1985(3); RCW §49.60.215; Intentional Infliction of Emotional Distress)<br><br>**JURY TRIAL DEMANDED** |

Page 11 –   COMPLAINT
        (Racial Discrimination in Public Accommodation)

## I.   NATURE OF THE CASE

1. This is an action under federal and state law alleging racial profiling and discrimination, discrimination in public accommodations, discrimination in the right to make and enforce contracts, conspiracy to discriminate, and intentional infliction of emotional distress.

2. Plaintiff demands a trial by jury for all issues so triable.

## II.   PARTIES

### Plaintiff

3. At the time of the incident described herein, plaintiff Elizabeth Ofuasia ("Plaintiff") was a 19-year-old African American woman.

### Defendants

4. Spencer Spirit Holdings, Inc. ("Spencer Holdings") is a privately held specialty retail chain that operates the brands Spencer Gifts and Spirit Halloween Superstores, LLC. Its headquarters are located at 6826 Black Horse, Pike Egg Harbor Township, NJ 82344. Spencer Holdings is incorporated in Delaware.

5. Spirit Halloween Superstores, LLC ("Spirit Halloween") is a subsidiary of Spencer Spirit Holdings, Inc. Its headquarters are located at 6826 Black Horse, Pike Egg Harbor Township, NJ 82344. Spirit Halloween is incorporated in Delaware.

6. Spencer Holdings and Spirit Halloween will be referenced collectively in this complaint as "Spirit Defendants."

Page 11 –   COMPLAINT
           (Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

7. Jane Doe and John Doe are employees of Spirit Defendants who conspired or otherwise acted in concert to deprive Plaintiff of equal protection of the law, or deprive her of equal privileges and immunities under the law.

8. Jane Doe and John Doe will be referenced collectively in this complaint as "Doe Defendants."

9. Spirit Defendants and Doe Defendants will be referenced collectively in this complaint as "Defendants."

### III. RELEVANT FACTS

10. On October 18, 2019 Plaintiff and a friend, both African American women, visited the Spirit Halloween store number 60288, located at Vancouver Plaza, 7809 NE Vancouver Plaza Drive, Suite 230, Vancouver, Washington 98662.

11. Plaintiff and her friend first visited the Spirit Halloween to shop for a body suit to use as part of her Halloween costume. They did not find a suitable one, and left to shop at a nearby Target store.

12. After shopping at Target, the two returned to Spirit Halloween. There, Plaintiff purchased a choker necklace.

13. They left Spirit Halloween, and drove to Party City to shop for additional costume pieces.

14. After shopping at Party City, they needed additional items for their costumes, so returned to Spirit Halloween. Plaintiff selected a pair of bunny ears, and began walking toward the cash register.

Page 11 –   COMPLAINT
(Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

15. Before Plaintiff was allowed to purchase the bunny ears, a Spirit Halloween employee accused her of shoplifting, and refused to allow her to purchase the bunny ears.

16. Plaintiff protested the accusation, because neither she nor her friend had shoplifted anything. She offered to show her accusers her purse (which was see-though and could not hide items), and to otherwise submit to a search or otherwise demonstrate that she had not stolen anything. Her friend made the same offer.

17. The Spirit Halloween employees insisted that Plaintiff and her friend leave the store based on the shoplifting accusations.

18. In response, Plaintiff left the store and called the police, who after a time appeared on the scene.

19. Although the Spirit Halloween employees claimed to have "video footage" showing Plaintiff or her friend shoplifting from the store, they refused to show it to Plaintiff or her friend while in the store, and refused to show it to the police officers when they arrived on the scene. Further, in spite of their repeated accusations, they did not seek to have Plaintiff or her friend arrested or charged with shoplifting.

20. Defendants knew their accusations were false, and that the video footage did not support their accusations.

21. Even so, Spirit Halloween gave Plaintiff a one-year criminal trespass citation, barring her from the store.

22. Defendants refused to allow Plaintiff to make a purchase, to remain and shop at their store then or in the future, and issued a criminal trespass citation.

Page 11 –   COMPLAINT
            (Racial Discrimination in Public Accommodation)

23. Because of the misconduct, false accusations, consumer racial profiling, threats, criminal trespass warning, and other unlawful and discriminatory actions by Defendants, what should have been a positive and enjoyable shopping experience for Plaintiff was instead a humiliating, frightening, and traumatic event.

24. Victims of consumer racial profiling bear a psychological burden as a result of overt and subconscious discrimination. The repetitive nature of everyday consumer discrimination has a cumulative debilitating effect over the course of a person's lifetime. Specifically, victims experience an erosion in their self-confidence, as well as physical consequences such as stress-related illnesses. The exclusion and alienation that targeted individuals experience result not only in individual harm but in societal harm. Frustrated by conduct that indicates that they do not belong in a particular segment of society, some young adults further distance themselves from the society that rejects them through behaviors, attitudes, and conduct that they would not have engaged in absent the discriminatory treatment, and otherwise avoid normal public activities that others freely enjoy without worry or concern.

25. As a result of Defendants' misconduct, Plaintiff has suffered depression, distress, embarrassment, and now has ongoing problems and fears associated with shopping, entering or transacting business in retail stores, and interacting in public places. She also fears racial discrimination, profiling, and unfounded and/or race-based accusations during social and consumer interactions.

26. As a further result of Defendants' misconduct and resulting damages, Plaintiff has been required to undergo mental health counselling and treatment.

Page 11 –    COMPLAINT
             (Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

27.    As a further result of Defendants' misconduct, Plaintiff now has a record that shows that she been issued a trespass warning banning her from the Spirit Defendants' business. This record will be available to any persons, including potential employers, who perform a background check against Plaintiff. This trespass warning also puts Plaintiff "into the system" of law enforcement, causing both psychological and potential economic harm, loss of reputation, loss of standing in the community, and will create a false impression of her character and background to law enforcement personnel and others in any future encounters.

28.    Plaintiff has requested, through her attorney, that the trespass citation be removed from her record and otherwise be expunged. Spirit Defendants have refused to do so, causing her further and ongoing damages.

29.    The Doe Defendants acted in concert with regard to some or all of the misconduct and discrimination at issue in this Complaint.

## IV.    JURISDICTION AND VENUE

30.    This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. Plaintiff's state law claims are so closely related to her federal claims that it is part of the same case or controversy under Article III of the United States Constitution. Because the federal claims predominate, jurisdiction over the state claims is proper under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367(a).

31.    This court is a proper venue pursuant to 28 U.S.C. §§ 1391.

Page 11 –    COMPLAINT
           (Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

## V.    FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1981 - Equal Rights Under Law)

(All Defendants)

32.    Plaintiff realleges Sections I through IV, and further alleges:

33.    Defendants' conduct denied Plaintiff the right to make and enforce contracts and/or the right to enjoy the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white persons, in violation of 42 U.S.C. § 1981.

34.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

## VI.    SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1982 - Property Rights of Citizens)

(All Defendants)

35.    Plaintiff realleges Sections I through IV, and further alleges:

36.    Defendants' conduct denied Plaintiff the same right, as is enjoyed by white citizens to purchase, hold, or convey personal property, in violation of 42 U.S.C. § 1982.

37.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

## VII.    THIRD CLAIM FOR RELIEF

(42 U.S.C. § 2000a - Discrimination in Places of Public Accommodation)

(All Defendants)

38.    Plaintiff realleges Sections I through IV, and further alleges:

Page 11 –    COMPLAINT
         (Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

39. Defendants' conduct denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation without discrimination or segregation on the basis of race or color in violation of 42 U.S.C. § 2000a.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

## VIII.    FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1985(3) – Conspiracy to Interfere with Civil Rights)

(Doe Defendants)

41. Plaintiff realleges Sections I through IV, and further alleges:

42. Doe Defendants conspired for the purpose of depriving Plaintiff of the equal protection of the law, or of equal privileges and immunities under the law when they engaged in acts in furtherance of the misconduct and discrimination alleged herein.

43. As a direct and proximate result of the Doe Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

## IX.    FIFTH CLAIM FOR RELIEF

(RCW § 49.60.215 - Unfair practices in Places of Public Accommodation)

(All Defendants)

44. Plaintiff realleges Sections I through IV, and further alleges:

45. Defendants' conduct directly and indirectly resulted in a distinction, restriction, or discrimination, or the refusing or withholding from a person the

Page 11 –    COMPLAINT
(Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

admission, patronage, or presence in a place of public accommodation based on race, creed, or color, in violation of RCW § 49.60.215.

46. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

## X.    SIXTH CLAIM FOR RELIEF

(RCW § 49.60.030 - Unfair Practices in Places of Public Accommodation)

(All Defendants)

47. Plaintiff realleges Sections I through IV, and further alleges:

48. Defendants' conduct denied Plaintiff the right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public accommodation in violation of RCW § 49.60.30.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

## XI.    SEVENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

(All Defendants)

50. Plaintiff realleges paragraphs I through IV and further alleges:

51. Without reason or justification Defendants racially profiled, then intentionally, falsely, and unlawfully accused Plaintiff of committing a crime when they had no credible evidence for such accusations, but instead had easy and ready access to information showing that she had not engaged in any unlawful act.

Page 11 –    COMPLAINT
(Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

52. Defendants further perpetuated their false accusations by intentionally failing and refusing to show the purported video footage to law enforcement officers who arrived at the scene after being called by Plaintiff.

53. Defendants refused to rescind the trespass warning when requested, showing an intent to cause additional ongoing and long-term harm and distress to Plaintiff.

54. Defendants' conduct was intended to, and has caused Plaintiff to suffer severe emotional distress, embarrassment, and lasting and potentially permanent psychological and emotional injury.

55. Defendants' acts constitute the tort of intentional infliction of emotional distress.

56. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the damages and injuries set forth herein.

### X.    DAMAGES AND RELIEF SOUGHT

57. Plaintiff seeks judgment against Defendants as follows:

58. On Plaintiff's **First, Second, and Third Claims for Relief** against Defendants for:

    a. Economic damages in an amount estimated to be $5,000.00 to date, and subject to amendment of this complaint to conform with the evidence before submission to the jury;

    b. Non-economic damages in an amount to be determined by the jury, but not to exceed $150,000.00;

Page 11 –    COMPLAINT
(Racial Discrimination in Public Accommodation)

  c. Reasonable attorney fees and costs;

  d. Punitive damages in an amount to be determined by the jury as sufficient to punish Defendants for their conduct, and to curtail Defendants from engaging in such activity against other similarly-situated persons in the future.

59. On Plaintiff's **Fourth Claim for Relief** against Doe Defendants for:

  a. Economic damages in an amount estimated to be $5,000.00 to date, and subject to amendment of this complaint to conform with the evidence before submission to the jury;

  b. Non-economic damages in an amount to be determined by the jury, but not to exceed $150,000.00;

  c. Reasonable attorney fees and costs;

  d. Punitive damages in an amount to be determined by the jury as sufficient to punish Defendants for their conduct, and to curtail Defendants from engaging in such activity against other similarly-situated persons in the future.

60. On plaintiff's **Fifth, Sixth, and Seventh Claims for Relief** against all Defendants for:

  a. Economic damages in an amount estimated to be $5,000.00 to date, and subject to amendment of this complaint to conform with the evidence before submission to the jury;

Page 11 –   COMPLAINT
(Racial Discrimination in Public Accommodation)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
email: rick@klingbeil-law.com

   b. Non-economic damages in an amount to be determined by the jury, but not to exceed $150,000.00.

**DATED**: January 13, 2020.

| **RICK KLINGBEIL, P.C.** | **EFREM LAWRENCE LAW FIRM** |
|---|---|
| **/s/ Rick Klingbeil** | **/s/ Efrem B. Lawrence** |
| Rick Klingbeil, OSB #933326 | Efrem B. Lawrence, OSB #160471 |
| of Attorneys for Plaintiff | of Attorneys for Plaintiff |

**Page 11 –**  COMPLAINT
     (Racial Discrimination in Public Accommodation)